UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robert Jackson,<br><br>　　　　　　Petitioner<br><br>　　v.<br><br>Gabriela Najera, *et al.*<br><br>　　　　　　Respondents | Case No. 2:23-cv-01305-CDS-VCF<br><br>**Order Dismissing Petition, Denying Certificate of Appealability, and Closing Case** |

　　　　The court reviewed Robert Jackson's pro se petition for writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed Jackson to show cause as to why his petition should not be dismissed as second or successive to Case No: 2:20-cv-02100-KJD-DJA. ECF No. 5. Jackson responded to the show-cause order. ECF No. 6. I dismiss the petition because he has not demonstrated that he obtained leave from the appeals court to file a successive petition.

　　　　28 U.S.C. § 2244(b)(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

　　　　Jackson previously challenged his 2016 state-court amended judgment of conviction in Case No: 2:20-cv-02100-KJD-DJA. On June 13, 2022, United States District Judge Kent J. Dawson denied the petition—denying some claims as procedurally barred and concluding that some claims lacked merit—and denied a certificate of appealability. *See Jackson v. Johnson*, 2022 WL 2134046 (D. Nev. June 13, 2022), certificate of appealability denied, No. 22-15969, 2023 WL 4285559 (9th Cir. May 12, 2023). The court denied Jackson's motion for relief from judgment on

August 10, 2022. *See* 2:20-cv-02100-KJD-DJA at ECF No. 47. With the current petition, Jackson seeks to challenge that same judgment of conviction.

This petition, therefore, is a second or successive habeas corpus petition under § 2244(b). Jackson must obtain authorization from the Ninth Circuit Court of Appeals before this court may consider his petition. 28 U.S.C. § 2244(b)(3). Jackson has not demonstrated that he has obtained authorization. Instead, in his response to the show-cause order, he argues that this is not a second and successive petition because the court "completely ignored" part of his actual innocence claim when it considered his first federal petition, and he was prevented from appealing.[1] ECF No. 6 at 2. But this court lacks jurisdiction to consider this petition without the authorization of the Ninth Circuit. *See Burton v. Stewart*, 549 U.S. 147 at 152 (9th Cir. 2007). Accordingly, this petition is dismissed as second and successive. Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

It is therefore ordered that that the Clerk of Court electronically file petition (ECF No. 1-1).

It is further ordered that the petition is **DISMISSED** with prejudice as set forth in this order.

It is further ordered that a certificate of appealability will not issue.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

DATED: October 25, 2023

_____
UNITED STATES DISTRICT JUDGE

---

[1] Jackson did in fact appeal the denial of his 2020 federal petition. *See* Case No. 2:20-cv-02100 at ECF No. 31.